### RUSSO v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16754.   Decided Sept 19, 1938

O. J. Zinner, Cleveland, for plaintiff-appellant.

Frank T. Cullitan, Prosecutor, Cleveland, and Gerald L. Miller, Asst. Pros., Cleveland for defendant-appellee.

## OPINION

By TERRELL, J.

This case involves the consideration of the constitutionality of an ordinance of the charter City of Cleveland that is claimed to be in conflict with the general law of the State of Ohio.

It was contended that the defendant, Ignatius Russo, contributed to the delinquency of his seventeen year old step-son, Salvatore Lobosco, in that he permitted said Salvatore Lobosco to operate an automobile in Cleveland, contrary to the ordinance of the said city.

The ordinance provided that no person under the age of eighteen (18) years shall operate an automobile on the streets of the City of Cleveland and that the owner of ar automobile shall not permit a minor under the age of eighteen (18) years to so operate an automobile.

Defendant contends that the said ordinance is in conflict with the general law of the State of Ohio. The state driver's license law §6296, GC, and sub-sections thereof, authorizes the licensing of operators of automobiles in the state ▮▮▮▮▮▮ of Ohio without regard to age, except, that the registrar is required to examine every applicant for automobile driver's license who is under the age of eighteen (18) years as to his qualifications to drive an automobile.

In this case it is admitted that the said minor, Salvatore Lobosco, after due examination by the proper official, was granted a driver's license from the Bureau of Motor Vehicles of the State of Ohio.

It is apparent that if this license has any significance at all it means that the license holder is permitted by the state law to operate a motor vehicle in the state and hence in the city of Cleveland which is a part of the state.

There is thus presented a patent conflict between the state law which permits this seventeen (17) year old boy to drive an automobile and the charter city ordinance which forbids him to drive.

The **State Constitution, Article XVIII,** empowers a charter city to adopt only such police regulations as are not ▮▮▮▮▮▮ in conflict with general laws of the state. The ordinance in question being in conflict with the general state law, it follows that the said ordinance is unconstitutional.

The judgment of conviction of the defendant is therefore reversed and the defendant is discharged.

LIEGHLEY, J, concurs.

LEVINE, PJ, dissents for the reason that the ordinance of the City of Cleveland is a proper exercise of its Home Rule Powers as a charter city.